Filed 1/21/25  P. v. Wells CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID WELLS,<br><br>    Defendant and Appellant. | B333767<br><br>(Los Angeles County<br>Super. Ct. No. KA101394) |

APPEAL from an order of the Superior Court of Los Angeles County, Jacqueline H. Lewis, Judge.  Affirmed.

John Steinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and Marc A. Kohm, Deputy Attorneys General for Plaintiff and Respondent.

In 2013, the trial court sentenced David Wells to an aggregate term of 18 years in state prison. In 2023, a resentencing court recalled Wells's sentence pursuant to Penal Code[1] section 1172.75 and resentenced him. The court struck a prior prison term enhancement imposed pursuant to section 667.5, subdivision (b), and sentenced Wells to 17 years in state prison. On appeal, Wells contends the resentencing court erred in imposing the upper term based on aggravating factors not stipulated to or found true beyond a reasonable doubt in a court or jury trial and also in refusing to strike his prior serious felony conviction without considering whether doing so would endanger public safety.

We affirm the court's resentencing order.

## PROCEDURAL HISTORY[2]

In 2013, the jury found Wells guilty of one count of first degree residential burglary with a person present. (§§ 459 & 667.5, subd. (c).) Following a bench trial, the court found true the allegations that Wells suffered two prior strikes under the Three Strikes law (§§ 667 (b)-(j); 1170.12), one prior serious felony conviction (§ 667, subd. (a)(1); and one prior prison term (§ 667.5, subd. (b)).

Wells filed a motion to dismiss the prior strike convictions pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. The trial court granted the motion in part, and struck one of

___

[1] All further statutory references are to the Penal Code.

[2] Because the issues presented are purely legal we do not include a recitation of the facts.

the two prior strikes. The court sentenced Wells to 18 years in prison, comprised of the upper term of six years for the burglary, doubled to 12 years under the Three Strikes law, plus five years for the prior serious felony conviction and one year for the prior prison term.

In 2023, Wells filed a petition for recall and resentencing pursuant to section 1172.75, which the People opposed. At a hearing on the matter, the court announced its tentative decision to strike the now-illegal one-year section 667.5, subdivision (b) enhancement, and to resentence Wells to a term of 17 years in prison.

Defense counsel argued for imposition of the low term for the burglary due to Wells's youth at the time of the offense. Counsel argued that Wells did not pose a threat to the public, as evidenced by his good behavior in prison in the six years prior to the hearing. Counsel requested that the five-year section 667, subdivision (a)(1) enhancement be stricken in addition to the now-illegal one-year section 667.5, subdivision (b) enhancement.

The prosecutor argued for imposition of the upper term on the burglary, as permitted by section 1172.75, subdivision (d)(4). He noted that although Wells had improved his behavior while housed at a new facility over the last six or seven years, his record during that time also included possession of drug paraphernalia and use of a controlled substance in 2021. Additionally, Wells had been facing a third strike sentence but the trial court had only sentenced him to a term of 16 years.

The resentencing court ruled that the previously imposed six-year upper term was appropriate. The court noted that it did not need to reach the question, under section 1172.75, subdivision (d)(1), of whether public safety would be endangered

3

because the court was imposing a lesser sentence than originally imposed. The court found that, in light of Wells's conduct in prison—including fighting and participation in a riot—it would not be in the interests of justice to strike the 667, subdivision (a)(1) enhancement pursuant to section 1385. The court struck the illegal section 667.5, subdivision (b) enhancement and sentenced Wells to a total of 17 years in prison.

## DISCUSSION

### A. *Resentencing Pursuant to Section 1172.75*

"Section 1172.75, subdivision (a), provides that a prior prison term enhancement [pursuant to section 667.5, subdivision (b)] imposed prior to January 1, 2020, is invalid, except for an enhancement imposed for a prior conviction for a sexually violent offense. Section 1172.75, subdivision (c), provides that if the court finds that the defendant's current judgment includes an invalid prior prison term enhancement, the court must recall the sentence and resentence the defendant." (*People v. Superior Court* (*Guevara*) (2023) 97 Cal.App.5th 978, 984.) "Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).) "The court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial

4

discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*, subd. (d)(2).) "The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (*Id.*, subd. (d)(3).)

## B.  *Analysis*

### 1.  <u>The Court Understood the Scope of Resentencing</u>

Wells contends that remand for resentencing is required because the resentencing court misunderstood the scope of its duty to conduct a full resentencing. The argument has no merit. The record clearly demonstrates that the court understood its discretion. At the resentencing hearing, the court stated that it had reviewed the parties' submissions, which indicated that full resentencing was appropriate, and stated, "I understand that there is a full resentencing. . . . The issue really is the section 667[, subdivision] (a)(1) [enhancement], and I am sure there is going to be an argument in regards to the high term and the strike."

5

**2.      The Court Did Not Abuse Its Discretion**

Alternatively, Wells contends that the resentencing court erred (1) by imposing the upper term on the burglary count; and (2) imposing the section 667, subdivision (a)(1) enhancement.  We reject both arguments.

*a.      Imposition of the Upper Term*

Prior to 2022, when a statute specified a triad of possible punishments, trial courts had discretion to choose between the three terms, " 'select[ing] the term which, in the court's discretion, best serves the interests of justice' and stating reasons for its decision.  (Former § 1170 (b), enacted by Stats. 2007, ch. 3, § 2, pp. 6–7.)" (*People v. Lynch* (2024) 16 Cal.5th 730, 747.)  "[A]s of January 1, 2022, the Legislature . . . amended section 1170 to provide that the trial court 'shall,' in its discretion impose a sentence 'not to exceed the middle term' (*id*., subd. (b)(1)) except in the following circumstance:  'The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of' an upper term sentence, and 'the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.'  (§ 1170 (b)(2); Stats. 2021, ch. 719, § 2)." (*Id*. at p. 748, fn. omitted.)

Wells contends that section 1172.75, subdivision (d)(2)—which directs the resentencing court to "apply any other changes in law that reduce sentences or provide for judicial discretion so

6

as to eliminate disparity of sentences"—requires the resentencing court to apply amended section 1170, subdivision (b)(2) when determining whether to deviate from the presumptive middle term upon resentencing. Relying on *People v. Falcon* (2023) 92 Cal.App.5th 911, 945 (*Falcon*), Wells argues that the resentencing court was prohibited from imposing the upper term because Wells did not stipulate to facts in aggravation and no aggravating facts were found true beyond a reasonable doubt in a trial by a judge or a jury.

*Falcon* is inapplicable, however. *Falcon* was a direct appeal that did not implicate section 1172.75. Here, recall and resentencing were triggered by imposition of a now-invalid one-year enhancement imposed pursuant to section 667.5, subdivision (b). The provisions of section 1172.75 govern resentencing in this instance. Section 1172.75, subdivision (d)(4) contains "an exception to the general rule that the trial court must apply ameliorative changes in the law at a section 1172.75 resentencing." (*People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 467.) The statute provides: "*Unless the court originally imposed the upper term*, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (Italics added.) This language expressly limits the requirement that the upper term be justified by facts that the defendant stipulated to or that were found true beyond a reasonable doubt at trial to situations in which the resentencing court is imposing the upper term where it was *not* previously

7

imposed.  (*People v. Brannon-Thompson, supra*, at pp. 466–467 ["[g]iving [§ 1172.75, subd. (d)(4)'s] language its plain meaning, it is evident the Legislature intended the new burden of proof amendments to section 1170, subdivision (b) apply only if the trial court is imposing the upper term for the first time at a section 1172.75 resentencing"].)  Here, the trial court originally imposed the upper term and the resentencing court re-imposed the same upper term.

The resentencing court did not err by re-imposing an upper term that the trial court previously imposed pursuant to section 1172.75, subdivision (d)(4).

### b.  *Imposition of the 667, Subdivision (a)(1) Enhancement*

Wells next argues that the resentencing court erred in refusing to strike the five-year enhancement imposed pursuant to section 667, subdivision (a)(1), because the court did not consider whether dismissal would endanger public safety under section 1385, subdivision (c)(2).  This argument also lacks merit.

Pursuant to section 1385, subdivision (c)(2), "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present.  Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety."  As relevant here, dismissal is favored where "[m]ultiple enhancements are alleged" (§1385, subdivision (c)(2)(B)), or when "[t]he enhancement is

8

based on a prior conviction that is over five years old[.]" (§1385, subdivision (c)(2)(H)).

On appeal, Wells asserts for the first time that the section 667, subdivision (a)(1) enhancement is based upon a conviction that he suffered more than five years ago, and that the resentencing court abused its discretion by refusing to dismiss the enhancement without considering whether doing so would endanger public safety under section 1385, subdivision (c)(2). Wells did not request that the court consider this factor at the resentencing hearing. Nor did he assert that the court was required to consider endangerment of public safety under section 1385, subdivision (c)(2).[3] Wells therefore forfeited the challenge on appeal. (*People v. Relkin* (2016) 6 Cal.App.5th 1188, 1195 ["[a]n objection may be raised for the first time on appeal only where it concerns an unauthorized sentence involving pure questions of law"].)

In fact, the resentencing court had no reason to consider whether dismissing the enhancement would endanger public safety under any of the factors enumerated in section 1385, subdivision (c)(2)(A) through (I). At resentencing, Wells argued only that multiple enhancements were alleged. Only two enhancements were imposed: a one-year section 667.5, subdivision (b) enhancement and a five-year section 667, subdivision (a)(1) enhancement.[4] The Legislature deemed the

---

[3] Wells's arguments relating to the court's consideration of endangerment of public safety related solely to section 1172.75, subdivision (d)(1), which we address below.

[4] In his brief filed with the resentencing court, Wells asserted that the doubling of his sentence pursuant to the Three Strikes law was imposition of an enhancement governed by

section 667.5, subdivision (b) enhancement illegal, and the resentencing court was required to strike it.  (§ 1172.75, subds. (a) & (c).)  Only the legal section 667, subdivision (a)(1) enhancement remained after the illegal enhancement was stricken.

Finally, to the extent that Wells argues the resentencing court was required to consider whether he would endanger public safety pursuant to section 1172.75, subdivision (d)(1), he is incorrect.  Section 1172.75, subdivision (d)(1) states: "Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety."  Here, the resentencing court imposed a lesser sentence and was not obligated to make an endangerment of public safety determination.

The resentencing court did not err in declining to strike the section 667, subdivision (a)(1) enhancement without considering whether doing so would endanger public safety.

---

section 1385, subdivision (c).  This is incorrect; the Three Strikes law is an alternative sentencing scheme, not an enhancement, and the factors enumerated in section 1385, subdivision (c) do not apply to it.  (*People v. Dain* (2024) 99 Cal.App.5th 399, 404, 417.)  Wells does not raise this argument on appeal.

## DISPOSITION

We affirm the court's resentencing order.
NOT TO BE PUBLISHED.

MOOR, J.

WE CONCUR:


BAKER, Acting, P. J.


KIM (D.), J.

11